IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**RENE S. RYMAN, individually, as
Personal Representative and next-of-kin of
Lowell Edward Ryman, Deceased,**

      **Plaintiffs,**

vs.                                                                                  CIV. No. 08-0372 WDS/RLP

**REGENTS OF THE UNIVERSITY
OF CALIFORNIA f/d/b/a LOS ALAMOS
NATIONAL LABORATORY, THE ZIA
COMPANY and THE ZIA COMPANY,**

      **Defendants.**

## MEMORANDUM OPINION AND ORDER
## DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION

Defendant Regents served a Motion to Compel Production of documents on Plaintiff on March 17, 2009. (Docket No. 88). Plaintiff's response to the Motion was due on April 3, 2009. Plaintiff did not respond to the Motion. Defendant Regents filed a Notice of Failure to Respond on April 10, 2009. (Docket No. 93). Again, no action was taken by Plaintiff. On April 15, 2009, this court entered its Order compelling discovery. (Docket No. 94). Thereafter Plaintiff responded to a portion of the discovery requests.

Plaintiff now asks this court to reconsider its Order compelling discovery, citing to the busy schedule of her attorneys as the excuse for initially failing to respond to the Motion to Compel. Two of Plaintiff's five attorneys have submitted affidavits in support of this Motion. Mr. Howell states that he was on vacation from March 14 through March 18, 2009, with only limited access to e-mails or communication with his office, and overlooked the electronic notification of the filing of the Motion to Compel. (Docket No. 97, ex. A). Ms. Clark states that she was attending depositions in

Alabama from March 17-20 and March 23-27, 2009, and likewise overlooked the electronic notification of the Motion to Compel. (Docket No. 73, Ex. B). No explanation is offered by Plaintiff's other three attorneys. No explanation is offered by Mr. Howell or Ms. Clark for failing to take any action upon receipt of Notice of Failure to Respond on April 10, 2009.

Plaintiff's explanations and/or proffered excuses for failure to timely respond to the Motion to Compel or to the Notice of Failure to Respond are not persuasive.

Both Plaintiff and Defendant cite to F.R.Civ.P. 60(b) as the standard under which this motion for reconsideration should be evaluated. They are in error, as Rule 60 only applies to final orders or judgments. Raytheon Constructors Inc. v. ASARCO, Inc., 368 F.3d 1214, 1217 (10th Cir.2003).

Because Plaintiff seeks to obtain reconsideration of a non-final order, her motion for reconsideration is considered "an interlocutory motion invoking the district court's general discretionary authority to review and revise interlocutory rulings prior to entry of final judgment." Wagoner v. Wagoner, 938 F.2d 1120, 1122 n. 1 (10th Cir.1991). A motion for reconsideration is an "inappropriate vehicle[ ] to reargue an issue previously addressed by the court when the motion merely advances new arguments, or supporting facts which were available at the time of the original motion." Servants of Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir.2000). "Thus, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law. It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Id*. (citation omitted).

Plaintiff has failed to establish that the court misapprehended the facts, her position or the controlling law. All of the substantive arguments raised by Plaintiff could have been raised had her counsel timely responded the Defendant's Motion to Compel.

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Reconsideration is Denied.

**IT IS FURTHER ORDERED** that Plaintiff's Responses shall be subject to the provisions of the Protective Order previously entered in this case.

**IT IS SO ORDERED**.

RICHARD L. PUGLISI
United States Magistrate Judge