IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**RENE S. RYMAN, individually, as** \*
**personal representative and next-of-kin of** \*
**Lowell Edward Ryman, Deceased,** \*
**and CYNTHIA GOLDBLATT,** \*
 \*
 **Plaintiffs,** \*
 \*
**V.** \* Case No. CIV-08-0372-WDS/RLP
 \*
**REGENTS OF THE UNIVERSITY** \*
**OF CALIFORNIA f/d/b/a LOS ALAMOS** \*
**NATIONAL LABORATORY, and THE ZIA** \*
**COMPANY,** \*
 \*
 **Defendants.** \*
 \*
\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## PLAINTIFF RENE RYMAN'S MOTION FOR PROTECTIVE ORDER AND MOTION TO QUASH DEFENDANT REGENTS' NOTICE TO TAKE CONTINUED DEPOSITION

Plaintiff RENE RYMAN hereby submits her Motion for a Protective Order and Motion to Quash Defendant Regents' Notice to Take Continued Deposition pursuant to Rule 26 of the Federal Rules of Procedure. Ms. Ryman requests that this Honorable Court enter a Protective Order that will protect her from having to appear at a third deposition. Ms. Ryman also requests that this Honorable Court quash Defendant Regents' unilateral notice of intent to take Ms. Ryman's third deposition on December 17, 2009. As detailed below, a Protective Order is necessary to protect Ms. Ryman from annoyance, embarrassment, oppression, and/or undue burden. Fed. R. Civ. P. 26(c)(1). Further, this Court should quash Defendant Regents' Notice to take the third deposition of Ms. Ryman since it exceeds the permissible duration of a deposition under Rule 30(d)(1) and the scope of the third deposition as stated by Defendants is irrelevant, duplicative, not reasonably calculated to lead to the discovery of admissible evidence,

and unduly burdensome, and Defendants have had ample opportunity to obtain information by discovery in this action. Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C).

## BACKGROUND

Plaintiff Rene Ryman's case involves allegations that the operations of the Los Alamos National Laboratory in the 1950s caused her father, Lowell Edward Ryman, to contract and ultimately die from a radiogenic blood cancer, multiple myeloma. Although Lowell Ryman resided in Illinois at the time of his death, the Price-Anderson Act Amendments require that the case be filed in the district where the radiation exposure occurred.

The deadline for conducting discovery relating to causation issues – as identified in the original Joint Case Management Order regarding Rene Ryman's case – is June 4, 2010. (Original Ryman Case Management Order, Doc. 61; First Amended Ryman Case Management Order, Doc. 125, p. 2). The Defendants first deposed Rene Ryman on Tuesday, September 16, 2008. The September deposition was the only deposition of Ms. Ryman initially contemplated by the parties. Ms. Ryman's deposition was taken just a week after Hurricane Ike swept over Houston, the hometown of Plaintiffs' counsel, leaving most of the city without power. As a result, the parties agree to hold the September 16, 2008 deposition in Dallas, Texas. Plaintiffs' Counsel was unable to access his Houston office due to the lack of electricity (hence, the elevators were inoperable) and could not retrieve documents that Ms. Ryman had produced to her attorney for presenting to the Defendants at her September 16, 2008 deposition in response to Defendant Regents' request for documents. (See Notice of Deposition Duces Tecum attached hereto as Exhibit A). Thus, Ms. Ryman and her counsel agreed that she would present for a second deposition in December of 2008 so the Defendants would have an opportunity to question her about the documents she gathered. Defendants deposed Ms. Ryman for a second time on

December 15, 2008 at which time Defendants were able to ask questions regarding the documents they requested be produced. (*See* Amended Notice to Take Continued Deposition Duces Tecum attached hereto as Exhibit B). Notably, Ms. Ryman's September 16, 2008 deposition lasted 5 hours and 10 minutes (time on the record, excluding breaks) and her December 15, 2008 deposition lasted 3 hours and 48 minutes – totaling 8 hours and 58 minutes on the record. (*See* First Deposition of Rene Ryman dated September 16, 2008 at p. 273, excerpts attached as Exhibit C; Second Deposition of Rene Ryman dated December 15, 2008 at p. 480, excerpts attached as Exhibit D).

It became apparent after the second deposition of Ms. Ryman that Defendants were on a crusade to discredit Ms. Ryman. Following the December 2008 deposition, Defendants requested to take yet another in-person deposition of Ms. Ryman regarding her 2008 bankruptcy filings or, alternatively, a videotaped, telephone deposition as well as taking the deposition of Ms. Ryman's bankruptcy attorney. (*See* email correspondence dated December 16-17, 2008 with attachments attached hereto as Exhibit E). Defendant Regents admits that "the major issue here is Rene's credibility." *Id.* at p. 1 of email. The specific issue concerned Ms. Ryman's apparent confusion regarding whether she filed for personal bankruptcy, business bankruptcy, or personal bankruptcy with business debt since the notice of bankruptcy states the debtor to be "Rene S Ryman dba Ryman Consulting, Inc." *Id.* at Notice of Chapter 7 Bankruptcy Case located at page 5 of exhibit. Appreciating the confusion, Plaintiffs agreed to allow Defendants to depose Ms. Ryman's bankruptcy attorney on June 23, 2009.

On January 2, 2009, Defendant Regents also served its first requests for production on Ms. Ryman, seeking, among other things, documents related to her father's estate, communications between Ms. Ryman and family members, documents regarding her father's

illness – including medical records, and a copy of Ms. Ryman's unpublished manuscript of a book she authored. (*See* Defendant Regents' First Request to Plaintiff for Production of Documents dated January 2, 2009 attached hereto as Exhibit F). Defendant Regents also requested that she sign authorizations releasing her educational and employment records. *Id.* In April of 2009, Defendant Regents served Ms. Ryman with Requests for Admissions asking Ms. Ryman to admit or deny statements regarding her 2008 bankruptcy filings. (*See* Defendant Regents' Rule 36 Requests for Admissions - attachments to requests excluded - attached hereto as Exhibit G).

Now Defendant Regents wishes to depose Ms. Ryman for a third time on December 17, 2009 in their counsel's office in Albuquerque, New Mexico regarding certain subjects identified in a letter dated November 19, 2009. (*See* Letter from W. Mowery to M. Howell dated November 19, 2009 attached hereto as Exhibit H). These subjects include: (a) Ms. Ryman's employment and education records which were requested and obtained *after* her second deposition, (b) Ms. Ryman's discovery responses which were also requested and obtained *after* her second deposition, (c) Ms. Ryman's "changes and signature page" to her December 15, 2008 deposition, (d) <u>verification</u> of details of Ms. Ryman's conversations with her father's treating physicians, and (e) any additional information contained in records that Defendants may receive up to the time of Ms. Ryman's third deposition. Counsel for Plaintiffs and Defendant Regents have conferred twice regarding this third deposition as well as this motion and have been unable to reach agreement.

As discussed in further detail below, Defendant's purported reasons for taking Ms. Ryman's deposition for the third time are unnecessary, irrelevant, duplicative, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

Moreover, Defendants have had ample opportunity to obtain information in this matter through written discovery, records requests, two depositions of Ms. Ryman, numerous depositions of Ms. Ryman's family members and the deposition of Ms. Ryman's bankruptcy attorney. Accordingly, Ms. Ryman should not be required to sit for a third deposition.

## LEGAL AUTHORITY

Pursuant to Federal Rule of Civil Procedure 26(c)(1), a Court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. Fed. R. Civ. Pro. 26(c)(1). Additionally, under Federal Rule of Civil Procedure 26(b)(2)(C), the Court may limit discovery, including a deposition, where:

> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other sources that is more convenient, less burdensome, or less expensive;
>
> (ii) the party seeking discovery has had ample opportunity to obtain information by discovery in the action; or
>
> (iii) the burden or expense of the discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

Fed. R. Civ. P. 26(b)(2)(C)(i)-(iii). The decision to issue a protective order rests within the sound discretion of the trial court. *Wang v. Hsu*, 919 F.2d 130 (10th Cir. 1990).

"The strong policy of the federal discovery rules favoring full disclosure is of paramount importance." *In re Westinghouse Elec. Corp.*, 570 F.2d 899, 902 (10th Cir. 1978). On the other hand, the United States District Court of New Mexico has noted in other cases that "[f]ederal district courts have broad discretion over discovery." *Resource Associates Grant Writing and Evaluation Services, LLC v. Maberry,* 2009 WL 1312951 *3 (D.N.M.) (Browning, J.) (citing *Gulfstream Worldwide Realty, Inc. v. Phillips Electronics N. Am. Corp.*, 2007 U.S. Dist. LEXIS

5

97733, at *8-9 (D.N.M. 2007)(Browning, J.); *Morrales v. E.D. Etnyre & Co.*, 229 F.R.D. 661, 662 (D.N.M.2005)(Browning, J.)). The Supreme Court of the United States supports the district courts' discretion over discovery by stating that "the district courts should not neglect their power to restrict discovery where justice requires [protection for] a party or person from annoyance, embarrassment, oppression, or undue burden or expense.... [J]udges should not hesitate to exercise appropriate control over the discovery process." *Herbert v. Lando*, 441 U.S. 153, 177 (1979)(internal quotation marks omitted).

Rule 26 of the Federal Rules of Civil Procedure states that discovery sought by the parties must be relevant to a party's claim or defense. *See* Fed. R. Civ. P. 26(b)(1). "Pursuant to rule 26, as illustrated by the Tenth Circuit's and [the District of New Mexico] Court's opinions, all discovery must be relevant, and it is the requesting party's burden to demonstrate such relevance." *Resource Associates Grant Writing,* 2009 WL 1312951 *4 (citing *Sanderson v. Winner*, 507 F.2d 477, 480 (10th Cir. 1974)). Therefore, a Court should not allow parties to seek *any* discovery because doing so would be unjust, overly time consuming, and an ineffective use of judicial resources, and would cause parties involved in litigation to incur astronomical expenses. *Resource Associates Grant Writing,* 2009 WL 1312951 *4.

## ARGUMENT

**(A)    A Protective Order is necessary to protect Ms. Ryman from annoyance, embarrassment, oppression, and/or undue burden.**

Ms. Ryman requests that this Court enter a Protective Order that will protect her from having to appear at a third deposition. A Protective Order is necessary to protect Ms. Ryman from annoyance, embarrassment, oppression, and/or undue burden pursuant to Rule 26(c)(1). Defendant Regents unilaterally noticed a third deposition of Rene Ryman for December 17, 2009 to be taken in Defendant's counsel's office in Albuquerque, New Mexico. *See* Notice to Take

Continued Deposition of Plaintiff Rene Ryman at Exhibit H. Ms. Ryman currently works in Iraq and will be in the United States for a limited time over the Christmas holidays. Ms. Ryman will also be having surgery during her stay in the United States. It will be unduly burdensome, harassing, annoying, and embarrassing for Ms. Ryman to sit for a third deposition either during her upcoming stay in the United States or at any other time. Ms. Ryman is not concerned about the date of her deposition as much as she as concerned about the idea of sitting for a third deposition entirely. As discussed in detail below, the subjects that Defendants wish to address during a third deposition are unnecessary, irrelevant, duplicative, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Moreover, allowing the Defendants to conduct a third deposition of Ms. Ryman would be unjust, overly-time consuming, and an ineffective use of resources, and would cause parties involved in litigation to incur additional, unnecessary expenses. Thus, this Court should protect Ms. Ryman from having to appear for a third deposition.

**(B)  The two depositions of Ms. Ryman taken by Defendants in this matter already exceed the permissible duration.**

Under Rule 30(d)(1), a deposition is limited to one (1) day of seven (7) hours. Fed. R. Civ. P. 30(d)(1). The Defendants have already exceeded the permissible duration by deposing Ms. Ryman more than one day and more than seven hours. Specifically, Ms. Ryman's September 16, 2008 deposition lasted 5 hours and 10 minutes (time on the record, excluding breaks) and her December 15, 2008 deposition lasted 3 hours and 48 minutes – totaling 8 hours and 58 minutes on the record. (*See* First Deposition of Rene Ryman dated September 16, 2008 at p. 273, excerpts attached as Exhibit C; Second Deposition of Rene Ryman dated December 15, 2008 at p. 480, excerpts attached as Exhibit D).Thus, Defendant Regents' notice to take Ms. Ryman's third deposition on December 17, 2009, should be quashed on this basis alone.

7

**(C)     Defendant Regents' third deposition notice of Ms. Ryman should be quashed because Defendants have had ample opportunity to obtain information in this matter and the information sought by Defendants is unnecessary, irrelevant, duplicative, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.**

Defendants have had ample opportunity to obtain information in this matter through written discovery, records requests, two depositions of Ms. Ryman, numerous depositions of Ms. Ryman's family members and the deposition of Ms. Ryman's bankruptcy attorney.  The subjects that Defendant Regents intend to question Ms. Ryman about in her third deposition are unreasonably duplicative of information they already possess.   Also, Defendant basis its reason for deposing Ms. Ryman a third time largely on the fact that Defendants have received documents and records since the time of Ms. Ryman's last deposition in December of 2008.  But nothing in the rules that requires that document production occur before a deposition.  "[W]hile it often makes good sense to have a witness' documents before he or she is deposed, there is nothing in the rules that requires a document production before the deposition begins." *Resource Associates Grant Writing and Evaluation Services, LLC v. Maberry*, 2008 WL 5978896 *1 (D.N.M. 2008) (implicitly recognizing a motion to quash as procedural discovery tool but holding that a party does not have the right to block the opposing side's discovery simply because it is not yet ready to depose the witness). "The Court does not believe that it is fair to delay the Defendants' discovery until [Plaintiff] is fully ready to depose him." *Id.*  Although the *Maberry* Court stated that it was "inclined to allow [Plaintiff] to take the [witness's] deposition a second time, at least by telephone, after the documents are produced," the case at bar is distinguished in that Defendant Regents seek an <u>in-person</u> deposition of Ms. Ryman for the third time regarding subjects that are not relevant to Defendant's liability or to the causation of Lowell Ryman's injuries.  Moreover, Defendants did not request the documents they now wish to

8

question Ms. Ryman about until *after* her second deposition and only requested such documents after having had an opportunity to question her about the existence of such materials in her first two depositions. (See Exhibit F). These documents include Ms. Ryman's employment and education records and her discovery responses, which are all self-explanatory and/or the subjects of which were already addressed in Ms. Ryman's first two depositions.

Putting aside Defendant's desire to depose Ms. Ryman about her records and discovery responses, the remaining claimed reasons for deposing Ms. Ryman for a third time are to ask her about the ten corrections contained on the "changes and signature page" to her December 15, 2008 deposition and to <u>verify</u> her conversations she had with her father's treating physicians. Regarding the "changes and signature page" to her December 15, 2008 deposition, four of the ten corrections were merely typographical errors and misspellings made by the court reporter and the remaining six corrections deal with Ms. Ryman's misunderstandings regarding her 2008 bankruptcy filings. (See Rene Ryman's "Changes and Signature Page" to her December 15, 2008 deposition attached hereto as Exhibit I). The Defendants have made a mountain out of a mole-hill regarding Ms. Ryman's bankruptcy filings. First, Ms. Ryman's bankruptcy has nothing to do with the causes of action in this matter. Second, Defendants seem to believe that Ms. Ryman's confusion regarding whether she filed a personal bankruptcy versus a business bankruptcy is earth-shattering evidence destroying her credibility. While Ms. Ryman is an educated, inquisitive woman, she is not a bankruptcy attorney and deferred to her bankruptcy attorney as to her bankruptcy filings. (S*ee* R. Ryman Depo. dated December 15, 2008 at p. 475:1-20, excerpts at Exhibit D). Even her bankruptcy attorney testified that Ms. Ryman's bankruptcy was more complex than most typical bankruptcies and that the identification of the debtor as "Rene Ryman d/b/a Ryman Consulting, Inc.," on the bankruptcy petition could be

9

confusing to a layperson as to the type of bankruptcy involved, i.e. personal versus business. (S*ee* Deposition of Jeffrey Dahlberg dated June 23, 2009 at pp. 19:5-20; 66:7-22, excerpts attached hereto as Exhibit J). Moreover, Ms. Ryman's bankruptcy attorney testified that he never provided Ms. Ryman with copies of her bankruptcy filings. (Dahlberg Depo. at p. 66:4-12, excerpts at Exhibit J). So, it is not unreasonable that Ms. Ryman was confused about her bankruptcy being "a personal filing with business debt" when she was questioned by Defendants in her second deposition about the type of bankruptcy she filed. Ultimately, Defendant's insistence on deposing Ms. Ryman regarding her bankruptcy for the purposes of trying to tarnish her credibility is absurd and a waste of time. Such line of questioning is unnecessary, irrelevant, duplicative, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Further, the burden or expense of this purported discovery outweighs any benefit, especially considering the facts of the case, the importance of the issues at stake in the action, and the unimportance this type of discovery in resolving the issues.

As to Regents' desire to question Ms. Ryman regarding conversations she had with her father's treating physicians, Defendants have already had two opportunities to ask Ms. Ryman questions regarding her father's health, illness, and medical treatment as well as to ask Ms. Ryman whether she spoke with her father's treating physicians. Defendants have also deposed nearly all of Mr. Ryman's physicians, including treating physicians, specialists, and referral physicians. Defendants deposed a total of ten physicians. Thus, any questions that Defendants now wish to ask of Ms. Ryman regarding conversations she had with her father's doctors could have easily been asked during either of her first depositions. In addition, this line of questioning is unreasonably cumulative or duplicative to the extent that Defendants have already questioned Ms. Ryman on such subjects, the Defendants have had ample opportunity to obtain this

information from other sources, and such information can be obtained from some other sources that are much more convenient, less burdensome, or less expensive such as through additional written discovery (if Defendants have not already exceeded their maximum discovery requests).

Plaintiffs suspect that Defendants wish to depose Ms. Ryman further regarding the differences in opinion among the Ryman family members regarding Lowell Ryman's desire that his family pursue a wrongful death suit. Such differences in opinion became apparent through the depositions of Lowell Ryman siblings. The personal opinions of Mr. Ryman's siblings, however, are legally irrelevant since Rene Ryman and her brother, Jeff Ryman, were the only individuals with authority to file a wrongful death lawsuit on behalf of the father. Thus, if it is Defendants' intention to question Ms. Ryman regarding family disagreement, such line of questioning is irrelevant in addition to being unnecessary, duplicative, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

## **CONCLUSION**

In conclusion, Defendant's purported reasons for needing to take Ms. Ryman's deposition for a third time are meritless and would only waste the parties' time and resources. Defendants have already deposed Ms. Ryman twice, exceeding the day and time limitations under Rule 30(d)(1) and now seek to depose her a third time regarding subjects that are irrelevant, duplicative, unnecessary, and would not add to the value of this case. Accordingly, Plaintiff Rene Ryman requests that this Honorable Court quash Defendant Regent's deposition notice and enter a Protective Order that will protect her from having to appear at a third deposition.

DATED: November 24, 2009           Respectfully submitted,

                             BY: /s/ Michael T. Howell
                                MICHAEL T. HOWELL

Texas Bar No. 24009368
DENNIS C. REICH
Texas Bar No. 16739600
KAITLIN CLARK
Texas Bar No. 24055311
REICH & BINSTOCK, LLP
4265 San Felipe, Suite 1000
Houston, Texas 77027
Telephone: (713) 622-7271
Facsimile: (713) 623-8724
ATTORNEYS FOR PLAINTIFF

-AND-

GADDY ♦ JARAMILLO
David J. Jaramillo
Maria E. Touchet
2025 San Pedro Dr., NE
Albuquerque, NM 87110
(505) 254-9090
(505) 254-9366 Fax
ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF CONFERENCE

I hereby certify that I conferred with Defendant Regents on two occasions regarding the contents of this motion and the parties are unable to agree.

/s/ Michael T. Howell
Michael T. Howell

## CERTIFICATE OF SERVICE

I certify that on November 24, 2009, I filed the foregoing electronically through the CM/ECF system, which caused the following parties to be served electronically:

Bruce Hall
W. Mark Mowery
Edward R. Ricco
Theresa W. Parrish
Thomas A. Outler
Jocelyn C. Drennan
RODEY, DICKSON, SLOAN, AKIN & ROBB, P.A.
P.O. Box 1888
Albuquerque, NM 87103
*Attorneys for Defendant Regents of the University*
*Of California d/b/a Los Alamos National Laboratory*

Tim L. Fields
Earl E. DeBrine, Jr.
Joan D. Marsan
MODRALL, SPERLING, ROEHL, HARRIS & SISK, P.A.
Post Office Box 2168
Bank of America Centre, Suite 900
500 Fourth Street, N.W.
Albuquerque, New Mexico 87103-2168
*Attorneys for The Zia Company*

David J. Jaramillo
Mia E. Touchet
GADDY ♦ JARAMILLO
2025 San Pedro Drive N.E.
Albuquerque, NM 87110-5951
*Co-counsel for Plaintiffs*

/s/ Michael T. Howell
Michael T. Howell