# Exhibit G

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

RENE S. RYMAN, individually, as
personal representative and next-of-kin of
Lowell Edward Ryman, Deceased,

Plaintiff,

vs.                                        Case No. CIV-08-0372-WDS/RLP

REGENTS OF THE UNIVERSITY
OF CALIFORNIA f/d/b/a LOS ALAMOS
NATIONAL LABORATORY, THE ZIA
COMPANY, and THE ZIA COMPANY

Defendants.

## DEFENDANT REGENTS OF THE UNIVERSITY OF CALIFORNIA'S RULE 36 REQUESTS FOR ADMISSION SERVED ON PLAINTIFF RENE S. RYMAN

Pursuant to Rule 36 of the Federal Rules of Civil Procedure for the United States District Courts, Defendant Regents of the University of California d/b/a Los Alamos National Laboratory serve on Plaintiff Rene S. Ryman Requests to Admit the genuineness of attached documents and the truth of the following matters:

1. On August 21, 2008, you filed a Voluntary Petition for personal bankruptcy in the United States Bankruptcy Court for the Northern District of Illinois.

2. Exhibit A to these Requests is a genuine copy of the Voluntary Petition for personal bankruptcy.

3. Your Voluntary Petition for personal bankruptcy was prepared by attorney Jeffry A. Dahlberg from information which you provided.

4. On August 19, 2008, you signed a Declaration Regarding Electronic Filing of a bankruptcy petition.

5. Exhibit B to these Requests is a genuine copy of the Declaration Regarding Electronic Filing which you signed.

6. When you signed the Declaration Regarding Electronic Filing, Exhibit B to these Requests, you knew you were seeking personal bankruptcy, not bankruptcy for your business, Ryman Consulting, Inc.

7. When the Voluntary Petition for Bankruptcy, Exhibit A to these Requests, was electronically filed, you knew that the petition sought personal bankruptcy, not bankruptcy for your business, Ryman Consulting, Inc.

8. Before you signed the Declaration Regarding Electronic Filing, Exhibit B to these Requests, attorney Jeffry A. Dahlberg explained to you that the bankruptcy petition sought personal bankruptcy.

9. On December 15, 2008, you provided testimony by oral examination under oath.

10. Exhibit C to these Requests is a true and accurate transcript of pages 471 through 477 of your deposition by oral examination taken on December 15, 2008.

11. When you testified under oath, pages 472, 474 and 475 of Exhibit C, that your attorney Jeffry A. Dahlberg told you that he had filed the bankruptcy petition for Ryman Consulting, Inc., you knew this testimony to be false.

-2-

12. Your testimony under oath, pages 473 and 475 of Exhibit C, that the document you signed authorizing bankruptcy sought a bankruptcy for Ryman Consulting, Inc. was false testimony and was known by you to be false.

13. Exhibit D to these Requests is a genuine copy of changes and additions to deposition testimony which you made under oath on January 20, 2009.

14. Your addition to answers at Pages 472, 473 and 474 of your December 15, 2008 deposition state that you did not understand when you were deposed that you had filed for personal bankruptcy.

15. Your addition to deposition testimony, Exhibit D to these Requests, stating that you were unaware when deposed on December 15, 2008 that you had filed for personal bankruptcy is false testimony and was known by you to be false when you signed the addition on January 20, 2009.

RODEY, DICKASON, SLOAN, AKIN & ROBB, P.A.

By: _____

Bruce Hall
Attorneys for Defendant, Regents of the University
    of California  d/b/a  Los Alamos National
    Laboratory
Post Office Box 1888
Albuquerque, New Mexico 87103-1888
(505) 765-5900

-3-