# Exhibit J

# Transcript of the Testimony of

# Jeffry A. Dahlberg

**Date:** June 23, 2009

Accurate Court Reporting, Inc.
Phone: (815) 877-0864
Fax: (815) 877-1859
Email: ARCindia@aol.com

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

RENE S. RYMAN, Individually,           )
and as Personal Representative         )
and Next-of-Kin of                     )
LOWELL EDWARD RYMAN, Deceased,         )
                                       )  No. CV 08-372
              Plaintiff,               )     WDS/RLP
     vs.                               )
                                       )
REGENTS OF THE UNIVERSITY OF           )
CALIFORNIA f/d/b/a LOS ALAMOS          )  Deposition of
NATIONAL LABORATORY, and               )  JEFFRY A. DAHLBERG
THE ZIA COMPANY,                       )
                                       )
              Defendants.              )

     The videotaped deposition of JEFFRY A. DAHLBERG, taken pursuant to the provisions of the Federal Rules of Civil Procedure of the State of New Mexico, on Tuesday, the 23rd day of June, 2009, commencing at the hour of 1:55 p.m., at 7520 Blairmore Drive, in the City of Rockford and State of Illinois, as reported by Cindia L. Rossato, Certified Shorthand Reporter, (License No. 84-003031), Registered Professional Reporter, a Notary Public in and for the State of Illinois.

Ryman v. Regents of the University of California, et al    Jeffry A. Dahlberg
Case 1:08-cv-00372-WDS-RLP   Document 150-10   Filed 11/24/09   Page 4 of 11

2

```
 1   ATTORNEYS PRESENT:
 2
 3
 4              MS. KAITLIN A. CLARK, of the firm
                Reich & Binstock, LLP,
 5              4265 San Felipe; Suite 1000
                Houston, TX  77027
 6
                   appeared on behalf of Plaintiff;
 7
                              and
 8
 9              MR. BRUCE HALL, of the firm
                Rodey, Dickason, Sloan, Akin & Robb,
10              201 Third Street, N.W.; Suite 2200
                Albuquerque, NM  87102
11
                   appeared on behalf of Defendant,
12                 Regents of the University of
                   California, f/d/b/a Los Alamos
13                 National Laboratory;

14                            and
15
16              MR. EARL E. DeBRINE, of the firm
                Modrall, Sperling, Roehl, Harris & Sisk,
17              500 Fourth Street NW; Suite 1000
                P.O. Box 2168
18              Albuquerque, NM  87103-2168

19                 appeared on behalf of Defendant,
                   The Zia Company;
20

21

22   ALSO PRESENT:
                MR. CHRISTIAN WALKER, Videographer
23              Video Memories, Rockford, IL
24
```

Accurate Court Reporting, Inc.
(815) 877-0864

3dd754d7-d82f-452b-9234-e3944539168f

```
 1                        INDEX
 2
 3      WITNESS                                    PAGE
 4
 5  JEFFRY A. DAHLBERG
         (By Mr. Hall) . . . . . . . . . . . .      4
 6       (By Ms. Clark) . . . . . . . . . . .      64
         (By Mr. DeBrine) . . . . . . . . . .      68
 7       (By Mr. Hall) . . . . . . . . . . . .     70
 8
 9
10
11
12
13                       EXHIBITS
14      Exhibit                                   Marked
15  Dahlberg Deposition Exhibit No. 1 . . . .       8
    Dahlberg Deposition Exhibit No. 2 . . . .      12
16  Dahlberg Deposition Exhibit No. 3 . . . .      12
    Dahlberg Deposition Exhibit No. 4 . . . .      56
17  Dahlberg Deposition Exhibit No. 5 . . . .      72
18
19
20
21
22
23  Certificate of Shorthand Reporter . . . . .    74
24
```

Accurate Court Reporting, Inc.
(815) 877-0864

3dd754d7-d82f-452b-9234-e3944539168f

Ryman v. Regents of the University of California, et al    Jeffry A. Dahlberg
Case 1:08-cv-00372-WDS-RLP   Document 150-10   Filed 11/24/09   Page 6 of 11

4

1                    (Whereupon, the witness was
2                    sworn by the reporter.)
3                    (A discussion was had off
4                    the record.)
5              JEFFRY A. DAHLBERG,
6    having been first duly sworn by the reporter, was
7    examined and testified as follows:
8                  E X A M I N A T I O N
9                    By Mr. Hall
10        Q.    Would you state your name, please.
11        A.    Jeffry Allen Dahlberg.
12        Q.    Are you a lawyer?
13        A.    I am.
14        Q.    And you are certified/licensed in what
15   states to practice law?
16        A.    I am licensed to practice law in the
17   State of Illinois as a practicing state attorney; I
18   am licensed in the Northern District of Illinois and
19   the Southern District of Wisconsin, federally, to
20   practice in the bar that way.
21        Q.    Thank you.  I wasn't smart enough to ask
22   you to bring a resume with you, which you probably
23   don't have with you?
24        A.    I do not have my curriculum vitae, or

1   A.    Initially -- are you talking about my
2   initial client interview or are you talking about now
3   that I -- we've made the leap and bankruptcy is going
4   to happen and how do I proceed from there?
5   Q.    If you'd take me through the process that
6   was used in this case.
7   A.    In this case, for me at least, I've always
8   started with -- you always start with the real
9   estate, at least from a bankruptcy standpoint.  Do
10  they own real estate, yes or no?  If so, are the
11  mortgages current, because that will then delineate
12  between Chapter 7 and Chapter 13, which are the
13  primary; is 7 an option versus is 13 something where
14  it needs to be rehabilitated, or what's the client
15  looking for at that point.
16              Once you determine that there is real
17  estate, but yet it is current, at least in terms of
18  with the mortgage company in some way, shape, or
19  form, then you move on to other secured debt.
20              Then I typically move, at that point,
21  is there priority debt, which in this case -- or in
22  any case -- would be tax liabilities to the
23  government, any sort of what you consider to be
24  nondischargeable debt or do you have child support,

3dd754d7-d82f-452b-9234-e3944539168f

Ryman v. Regents of the University of California, et al   Jeffry A. Dahlberg
Case 1:08-cv-00372-WDS-RLP   Document 150-10   Filed 11/24/09   Page 8 of 11

20

1   things along those lines, and I basically have a
2   protocol that moves, "What is the debt," "How is
3   it," and then back my way through with, "What are
4   the assets."
5               And in Dr. Ryman's case, it's -- you
6   had to be a touch more -- she had multiple
7   properties, so right off the bat you're dealing with
8   a different animal, generally, than you normally see
9   in a typical bankruptcy, which is more assets.
10       Q.   She had a home in Colorado and she had two
11  homes --
12       A.   Somewhere in McHenry County.
13       Q.   Marengo, is that a town in --
14       A.   It is.
15       Q.   -- McHenry County?  Okay.
16       A.   Last stop on the train.
17       Q.   How long does it take you to go through
18  that process with a client like Dr. Ryman?
19       A.   In Dr. Ryman's case, it was about an hour
20  and a half.
21       Q.   Did she bring in information that you
22  needed, paper information?
23       A.   She did.  She was very well-organized.
24  She'd also seen someone else prior to me and had been

1  have to go downtown Chicago and explain to a judge
2  why it is that you would do that, so . . .
3           There are -- there are different
4  forms for Chapter 13 and Chapter 11, Chapter 12, that
5  supplement these, but these have all -- these forms
6  apply under, I believe, Sections 1, 5, and 7.
7     Q.   Would you agree with me that the -- the
8  identification of "d/b/a Ryman Consulting, Inc.," on
9  this first page of the petition could be confusing to
10 a layperson looking at this document?
11          MR. DeBRINE:  Object to the form.
12          THE WITNESS:  Does anyone want me to
13 answer?
14          MS. DeBRINE:  You can --
15          MS. CLARK:  You can answer.
16          THE WITNESS:  Okay.  I'm just --
17          MS. CLARK:  Sorry; I should have
18 instructed you.
19          THE WITNESS:  I know that it's somewhere
20 else -- somebody else's decision whether or not this
21 gets in.  All right.  Anyway.
22     A.   Yes, it could be confusing.
23 BY MS. CLARK:
24     Q.   You've testified today that you keep the

1  have to go downtown Chicago and explain to a judge
2  why it is that you would do that, so . . .
3           There are -- there are different
4  forms for Chapter 13 and Chapter 11, Chapter 12, that
5  supplement these, but these have all -- these forms
6  apply under, I believe, Sections 1, 5, and 7.
7       Q.   Would you agree with me that the -- the
8  identification of "d/b/a Ryman Consulting, Inc.," on
9  this first page of the petition could be confusing to
10 a layperson looking at this document?
11           MR. DeBRINE:  Object to the form.
12           THE WITNESS:  Does anyone want me to
13 answer?
14           MS. DeBRINE:  You can --
15           MS. CLARK:  You can answer.
16           THE WITNESS:  Okay.  I'm just --
17           MS. CLARK:  Sorry; I should have
18 instructed you.
19           THE WITNESS:  I know that it's somewhere
20 else -- somebody else's decision whether or not this
21 gets in.  All right.  Anyway.
22      A.   Yes, it could be confusing.
23 BY MS. CLARK:
24      Q.   You've testified today that you keep the

```
 1    original documents with the original signatures; is
 2    that correct?
 3         A.    Correct.
 4         Q.    Do you provide -- is it your practice to
 5    provide your clients with copies of the petitions
 6    that you file on their behalf?
 7         A.    No, they do not -- if requested, I will;
 8    but they are not provided, "Here's what you filed."
 9         Q.    Did Rene Ryman ever request her petition
10    that you filed on her behalf?
11         A.    Not to my knowledge.  She might have done
12    it with my staff, but it wasn't with me.
13         Q.    Do -- have you sent her any other
14    documents besides the voluntary petition that you can
15    recall?
16         A.    I believe she had a couple of
17    reaffirmation agreements that were contained within
18    the petition itself, which is nothing more than --
19    reaffirmation is reasserting or reestablishing your
20    obligation on certain secured debt, which she kept;
21    those have to be signed and filed with the court and
22    then ultimately approved by me.
23         Q.    As Dr. Ryman's bankruptcy attorney, do you
24    have an opinion about her truthfulness or honesty?
```

3dd754d7-d82f-452b-9234-e3944539168f