IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**RENE S. RYMAN, individually, as
personal representative and next-of-kin of
Lowell Edward Ryman, Deceased, and
CYNTHIA GOLDBLATT,**

      **Plaintiffs,**

v.                                                                                                               Civil No. 08cv372 WDS/RLP

**REGENTS OF THE UNIVERSITY OF
CALIFORNIA f/d/b/a LOS ALAMOS
NATIONAL LABORATORY, and
THE ZIA COMPANY,**

      **Defendants**.

**ORDER**

      **THIS MATTER** comes before the Court on the Motion of Plaintiff, Rene S. Ryman ("Plaintiff" herein), for Protective Order and To Quash Notice of Continued Deposition. (Docket No. 150). Plaintiff to prevent Defendants from conducting a third session of her deposition. Defendants represent that they wish to question Plaintiff at this deposition regarding the facts and circumstances surrounding a personal bankruptcy she took in 2005, and her answers to questions posed to her at her second deposition regarding that bankruptcy. Plaintiff contends that she is entitled to a protective order to protect her from annoyance, embarrassment, oppression and undue burden; that a third deposition would exceed the time limits for depositions set under F.R.Civ.P. 30(d)(1), and finally, that the content of the third deposition would be irrelevant, duplicative not reasonably calculated not lead to the discovery of admissible evidence and unduly burdensome. I note that Plaintiff represents that she resides in Iraq and that she will be in the United States over the current holiday season. Through her attorney, she also represents that she has scheduled surgery during this stay, but provides no affidavit in support of this assertion, and provides no details as to

the type of surgery, when or where it will be performed.

This Court has broad discretion to decide when a protective order is appropriate and what degree of protection is required.  **MGP Ingredients, Inc. v. Mars, Inc.**, 245 F.R.D. 497, 500 (D. Kan.2007) (**quoting Seattle Times Co. v. Rhinehart**, 467 U.S. 20, 36 (1984)). The Supreme Court has recognized that "[t]he trial court is in the best position to weigh fairly the competing needs and interests of the parties affected by discovery. The unique character of the discovery process requires that the trial court have substantial latitude to fashion protective orders."  **Seattle Times,** 467 U.S. at 36.  Notwithstanding this broad grant of discretion, a court may issue a protective order only if the moving party demonstrates that the basis for the protective order falls within one of the specific categories enumerated in the Rule, i.e., that the requested order is necessary to protect the party "from annoyance, embarrassment, oppression, or undue burden or expense." **Aikens v. Deluxe Fin. Servs., Inc**., 217 F.R.D. 533, 534 (D.Kan.2003).  Further, pursuant to F.R.Civ.P. 30(d)(1) this court must allow additional time for depositions consistent with Rule 26(b)(2) if needed to fairly exam the deponent.

Having reviewed the submissions of the parties, I find that Plaintiff is not entitled to a protective order that prevents the taking of her deposition.  Counsel are directed to confer immediately to determine whether Plaintiff's deposition can be taken in person on the date and time noticed in Defendants' Notice of Deposition.  If Plaintiff is unable to appear at the date and time noticed, her counsel shall provide alternate dates and times to Defendants.  If it not be possible to obtain her deposition while she is in the United States because of her medical issues, she may give her deposition by telephone from Iraq.  I further find that her third deposition shall last no longer than two (2) hours of direct questioning by Defendants.  Defendants shall not be limited in scope with regard to the questions asked.

**IT IS THEREFORE ORDERED** as follows:

1) Plaintiff's Motion for Protective Order and To Quash Notice of Deposition is **DENIED**;

2) Counsel are directed to confer immediately to determine whether Plaintiff's deposition can be taken in person on the date and time noticed in Defendants' Notice of Deposition. If Plaintiff is unable to appear at the date and time noticed, her counsel shall provide alternate dates and times to Defendants.

3) If it not be possible to obtain her deposition while she is in the United States because of her medical issues, she may give her deposition by telephone from Iraq.

4) Plaintiff's third deposition shall last no longer than two (2) hours of direct questioning by Defendants.

5) Defendants shall not be limited in scope with regard to the questions asked at Plaintiff's third deposition.

**IT IS SO ORDERED.**

RICHARD L. PUGLISI
Chief United States Magistrate Judge