IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**RENE S. RYMAN, Individually, as
personal representative and next-of-kin of
Lowell Edwards Ryman, Deceased,
and CYNTHIA GOLDBLATT,**

     **Plaintiffs,**

vs.                                                                                                        Civil No. 08cv372 WDS/RLP

**REGENTS OF THE UNIVERSITY
OF CALIFORNIA f/d/b/a LOS ALAMOS
NATIONAL LABORATORY, and THE ZIA
COMPANY,**

     **Defendants.**

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Defendant The Zia Company's Motion to Dismiss the Second Amended Complaint of Cynthia Goldblatt (Doc. 141). Plaintiff states claims against The Zia Company (Zia) for negligence (Count II), gross negligence (Count III), negligence *per se* (Count IV), and strict liability (Count V). Counts III and V have been previously dismissed. All of the claims arise under the Price-Anderson Act, 42 U.S.C. ¶2210 *et seq*[1].

## FACTUAL AND PROCEDURAL HISTORY

Defendant Zia operated the Los Alamos National Laboratory (LANL) from 1943 until 1986.

---

[1] Count I of the complaint is styled "Public Liability Under the Price-Anderson Act," and alleges that Defendant Zia is subject to public liability under 42 U.S.C. § 2210 of the Price-Anderson Act for the nuclear incidents that occurred at Los Alamos National Laboratory and the surrounding areas. The parties appear to be in tacit agreement that the Price Anderson Act governs liability-related issues for nuclear facilities such as LANL, but does not create a cause of action for damages itself. Accordingly, the parties have focused their briefing on the two remaining causes of action set forth in Counts II and IV.

Plaintiff Goldblatt was diagnosed with thyroid cancer in 2004. On September 24, 2009, Goldblatt sued Zia claiming that her cancer was caused by radioactive waste material and nuclear byproducts that were released by Zia in and around LANL. In her complaint Goldblatt claims that she was born in 1953 and exposed to radiation throughout her childhood in Los Alamos, and in periodic visits to the area thereafter. Goldblatt alleges that in 2008 she read a newspaper article stating that thyroid cancer was linked to radiation exposure, and that this was the first time she had acquired such information. She alleges that this information lead her to inquire about a potential cause of action against Zia, resulting in the instant complaint.

Defendant Zia filed this Motion to Dismiss pursuant to Fed. R. Civ. Proc. 12(b)(6), alleging that Plaintiff's claims are barred by the three year statute of limitations set forth in NMSA 1978, §37-1-8.

## LEGAL STANDARD FOR MOTION TO DISMISS

Under Fed.R.Civ.P. 12(b)(6), the Court should dismiss the Complaint if, assuming as true all well-plead facts and drawing all reasonable inferences in the Plaintiffs' favor, the Complaint fails to state a claim for which relief may be granted. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1949-1954 (2009). Where the dates in the Complaint show that the right sued upon has been extinguished, the plaintiff bears the burden of establishing a factual basis for tolling the statute of limitations, and the statute of limitations questions may appropriately be resolved on a Rule 12(b) motion. *Aldrich v. McCulloch Props., Inc.,* 627 F.2d 1036, 1041 n.4 (10th Cir. 1980). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

555 (2007).

## DISCUSSION

Zia argues that because Goldblatt's suit was filed more than five years after the discovery of her cancer in 2004, her claims are barred by the three year statute of limitations found in NMSA 1978, §37-1-8. Noting Plaintiff's attempt to avoid the statute of limitations by invoking the discovery rule, Zia argues that New Mexico courts have never adopted a discovery rule for personal injury claims, and even if the courts had, Goldblatt failed to allege any facts establishing that she had fulfilled her duty to diligently investigate the cause of her injury.

Goldblatt concedes that she was diagnosed with cancer in 2004. She does not dispute that the applicable statute of limitations under a Price-Anderson Act case is the New Mexico statute cited above. She contends, however, that her claims are not time barred because the discovery rule does, in fact, apply. In that regard Goldblatt argues that her second amended complaint states sufficient facts to support her claim that she did not discover that her injuries were caused by Zia's negligence until 2008, at which point the statute of limitations began to run. If Plaintiff's cause of action did accrue in 2008, her complaint filed in September of 2009 would be timely. For the reasons that follow the Court finds that Zia's motion is well taken and will be granted.

Under New Mexico law the limitation period found in NMSA 1978, ¶37-1-8, begins to run from the time of injury. The time of injury has been defined as the time when a damage or injury is physically objective and is ascertainable. See *Peralta v. Martinez,* 90 N.M. 391 (N.M. App. 1977). In this case Goldblatt was aware of her cancer when she was diagnosed in 2004. The three year statute of limitation, therefore, expired in 2007. Goldblatt was beyond the limitation period when she filed her lawsuit in 2009.

The next question for the Court is whether Goldblatt is entitled to avoid the limitations bar

by invoking the discovery rule. As argued by Zia, New Mexico does not recognize a discovery rule for personal injury claims under §37-1-8. While New Mexico courts have recognized the discovery rule with respect to professional malpractice claims, the courts were careful to note the continuing validity of the accrual analysis as to the time of injury set forth in *Peralta*. See *Roberts* v. *Southwest Com. Health Serv.*, 114 N.M. 248, 252 (N.M. 1992) and *Maestas v. Zager*, 141 N.M. 154, 160 (N.M. 2007). Plaintiff argues that in a case such as the one at bar a discovery rule is both appropriate and necessary. Plaintiff, however, cites no New Mexico case law which so finds.

As a backup position Zia argues that even if the Court were to recognize a discovery rule under these facts, Goldblatt would be ineligible as she failed to articulate any facts in her second amended complaint regarding her efforts to discover the cause of her thyroid cancer and why it was not discoverable in the years following her diagnosis. All Goldblatt alleges factually is that she read a newspaper article in 2008, which indicated that thyroid cancer was linked to radiation exposure. While the Court tends to agree with Zia that this pleading would be insufficient to invoke the discovery rule, see *Butler v. Deutsch Morgan Grenfell, Inc.,* 140 N.M. 111 (N.M. App. 2006), it is not necessary to reach this issue as the Court finds that no discovery rule exists in New Mexico for a personal injury action such as the one plead here.

Goldblatt also argues that a federal discovery rule applies here under the Comprehensive Environmental Response, Compensation and Liability Act (CERCLA). This argument is without merit as this case is filed under the Price-Anderson Act not CERCLA.

IT IS THEREFORE ORDERED that Defendant The Zia Company's Motion to Dismiss the Second Amended Complaint of Cynthia Goldblatt (Doc. 141) is granted. Goldblatt's case is hereby dismissed.

_____
**W. DANIEL SCHNEIDER**
**United States Magistrate Judge**